UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JAY A. GARNIER,

              Plaintiff,

  -against-

ILLINOIS TOOL WORKS, INC., *et al.*

              Defendants.

**OPINION & ORDER**

04-CV-1825 (NGG)(KAM)

----------------------------------------X
MATSUMOTO, United States Magistrate Judge:

      In the above-referenced matter, referred to the undersigned for general pretrial supervision pursuant to 28 U.S.C. § 636(b), plaintiff has disputed the fee sought by defendants' expert psychiatrist, Dr. Michael Glass, M.D., for his appearance at a deposition. For the reasons set forth below, plaintiff shall compensate Dr. Glass at a rate of $350 per hour for the time reasonably expended preparing for and testifying at his deposition. Plaintiff shall compensate Dr. Glass at a rate of $125 per hour traveling to and from his deposition, which rate shall include reasonable out-of-pocket travel expenses. Dr. Glass shall receive a 50% down payment on his fee seven days in advance of his deposition, with the balance to be remitted within two business days following his deposition.

## **I. BACKGROUND**

      Dr. Glass seeks a flat rate of $4,000 for a full day

deposition, $2,500 for four hours, or $1,500 for two hours, should the deposition take place in Dr. Glass's office in Egg Harbor Township, New Jersey, located over 100 miles from both plaintiff's and defendants' counsel's offices. (See Doc. No. 61, Letter from Charles Joseph, Esq. dated March 15, 2006 ("Pl. Mar. 15 Ltr."), at 1; Doc. No. 64, Letter from Jed L. Marcus, Esq. dated March 22, 2006 ("Defs.' Mar. 22 Ltr."), at 3-4.) Dr. Glass seeks a flat fee of $4,500 for the deposition, should it take place at defendants' counsel's Roseland, New Jersey office. Alternatively, Dr. Glass has agreed to accept a rate of $450 per hour for the deposition, applying the same rate for time spent preparing for and traveling to the deposition. Defendants have also requested that plaintiff pay Dr. Glass seven days in advance of his scheduled deposition.

Plaintiff argues that Dr. Glass's requested fee is unreasonable, and that there is no basis to charge plaintiff more than defendant was charged for examining the plaintiff and preparing a report of that examination. (Pl. Mar. 15 Ltr. at 2.) Dr. Glass apparently charged defendants a flat rate of $4,500 for his review of medical records, the pleadings, deposition transcripts, discovery requests and responses, the report of plaintiff's expert, as well as the examination of plaintiff and the preparation of a report following the examination. Because defendants state that Dr. Glass charged them a flat rate of

$4,500 for his services, plaintiff sought to calculate an hourly rate based on the number of hours Dr. Glass expended examining plaintiff and preparing a report of that examination.  Thus, during a telephone conference with the parties on March 31, 2006, the Court ordered defendants to state the number of hours expended by Dr. Glass with respect to each of the services performed by him in his capacity as defendants' expert.  In response to the Court's order, by letter dated April 7, 2006, defendants advised that Dr. Glass "did not keep records of the hours he spent, and cannot in good faith estimate those hours." (Doc. No. 73, at 1.)

Notwithstanding defendants' counsel's representation regarding Dr. Glass's failure to maintain time records, plaintiff, in his submission dated April 11, 2006, "requests that Dr. Glass be ordered to provide, under oath, an estimate of the hours he expended as [d]efendants' expert."  (Doc. No. 76 at 2.) That request is denied, based on the representation of defendants' counsel that Dr. Glass cannot do so.

Alternatively, plaintiff suggests that the Court award Dr. Glass an rate of $250 per hour.  (See id. at 4-6.)  By affirmation dated April 10, 2006, plaintiff's counsel, Michael Palmer, Esq., states that Dr. Glass was compensated "around $250 per hour" while he served as an expert for the New Jersey Public Defender's office.  (Id., Ex. G, Palmer Aff., ¶¶ 3-5.)

## II. DISCUSSION

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery [from an expert] pay the expert a reasonable fee for time spent in responding to discovery under this subdivision.

"Compensating an expert for his time spent in deposition is mandatory under the rule to 'avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement.'" Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 646 (E.D.N.Y. 1997) (quoting United States v. City of Twin Falls, 806 F.2d 862, 879 (9th Cir. 1986)). On the other hand, the Court should "balance" a party's need for competent experts with the need to protect the opposing party from being "unfairly burdened by excessive ransoms which produce windfalls for the [party's] experts." Magee, 172 F.R.D. at 645 (internal citation and quotation marks omitted).

As noted above, Dr. Glass seeks either a flat fee or $450 per hour for time spent preparing for, traveling to and testifying at his deposition. Because flat fees are generally disfavored, see Carafino v. Forester, No. 03 Civ. 6258, 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005); Ramirez v. Marriott Corp., No. 98 Civ. 7007, 2005 U.S. Dist. LEXIS 23390 (S.D.N.Y. Oct. 12, 2005), defendants' request that Dr. Glass be compensated at a flat rate is denied. Accordingly, the Court will address

whether Dr. Glass's requested fee is reasonable.

As stated by a magistrate judge of this Court, in determining whether a requested expert fee is "reasonable" courts generally consider the following factors:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. . . .  In addition, courts look to (1) the fee actually being charged to the party who retained the expert; and (2) fee traditionally charged by the expert on related matters.

Mathis v. NYNEX, 165 F.R.D. 23, 24-25 (E.D.N.Y. 1996) (Levy, Mag. J.) (citations omitted).  The party seeking reimbursement bears the burden of demonstrating the reasonableness of the claimed rate.  Carafino, 2005 WL 1020892, at *1 (citation omitted). "These factors merely serve as a guide;" no one factor is dispositive.  Adams v. Memorial Sloan Kettering Cancer Ctr., No. 00 Civ. 9377, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (citing Cabana v. Forcier, 200 F.R.D. 9, 16 (D. Mass. 2001)).

Despite Dr. Glass's extensive qualifications, the Court determines that the $450 hourly fee is unreasonable.  With respect to the first and second factors, Dr. Glass's curriculum vitae, annexed as Exhibit 1 to defendants' March 22, 2006 letter (doc. no. 64), reflects that he received his M.D. degree from

Universidad Autonoma De Guadalajara, in Mexico, in 1974, is board certified and is currently engaged in the private practice of General and Forensic Psychiatry in New Jersey and Pennsylvania. Dr. Glass has held several medical staff and academic positions, "has given in excess of 750 lectures by invitation at hospitals and medical schools around the United States[,]" and has examined "thousands of plaintiffs and defendants in civil law suits . . . ." (Curriculum Vitae, at 9.)

Defendants have provided no information regarding the fourth factor — the nature, quality and complexity of the discovery responses provided. Dr. Glass's expert report is annexed to defendants' March 22, 2006 letter, but he has yet to be deposed. The Court makes no determination as to the nature, quality and complexity of his discovery responses thus far provided.

Likewise, defendants have not provided any information regarding the fifth factor — the cost of living and practicing in New Jersey or Pennsylvania. Accordingly, this factor will not be weighed into the Court's determination and, at best, is neutral.

Defendants have also failed to provide information regarding the remaining factors — prevailing rates for other comparably respected available experts, the fee actually being charged to the party who retained the expert and the fee traditionally charged by the expert on related matters — which

militates in favor of a reduced fee award.  Specifically, with respect to prevailing rates, New York federal courts have recently awarded comparable medical experts less than $450 per hour.  See Frederick v. Columbia Univ., 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (awarding toxicologist with medical degree hourly rate of $375 for his deposition and $200 per hour for travel time); Muoio v. Zubowski, No. 01 Civ. 9556, 2003 WL 22111623, at *1 (S.D.N.Y. Apr. 16, 2003) (awarding expert plastic surgeon $400 per hour); Carafino, 2005 WL 1020892, at *2 (awarding expert psychiatrist $350 per hour).

With respect to the fee actually being charged to the retaining party, defendants' counsel, in response to this Court's order, has represented that Dr. Glass cannot in good faith estimate the time he expended examining plaintiff and preparing a report of that examination.  The Court is troubled by this position, given that Dr. Glass has testified as an expert in over 500 cases, and claims to have examined "thousands of plaintiffs and defendants in civil law suits . . . ." (Curriculum Vitae, at 9.)  Dr. Glass should be able to estimate the amount of time he expended in this case, but has not done so.  In any event, this factor is not dispositive; instead, the Court must balance the defendants' need for competent experts with the need to protect the opposing party with being "unfairly burdened by excessive ransoms which produce windfalls for the [defendants'] exper[t]."

Magee, 172 F.R.D. at 645 (internal citation and quotation marks omitted)

Lastly, with respect to the fee traditionally charged by Dr. Glass on related matters, the only evidence of Dr. Glass's customary fee is the April 10, 2006 affirmation of plaintiff's counsel, Michael Palmer, Esq., in which he states that an Assistant Public Defender in New Jersey with whom he spoke believed that his office had previously reimbursed Dr. Glass an hourly rate of $250. (Palmer Aff. ¶¶ 3-5.) Absent from Mr. Palmer's affirmation, however, are the dates on which Dr. Glass worked as an expert for the Public Defender.

Even assuming, *arguendo*, that Dr. Glass's customary rate is $450 per hour, the Court finds that Dr. Glass is not entitled to $450 per hour and instead awards an rate of $350 per hour for the time reasonably expended preparing for and testifying at his deposition. See Frederick, 212 F.R.D. at 177; Muoio, 2003 WL 22111623, at *1; Carafino, 2005 WL 1020892, at *2.[1]

In addition, Rule 26(b)(4)(C) also "permits recovery of fees for an expert's travel time . . . along with the expert's out-of-pocket expenses." Bonner v. American Airlines, Inc., No.

---

[1] Plaintiff, however, may seek an immediate modification of this order in the event that Dr. Glass "proves to be an unduly 'evasive and argumentative' witness at his deposition." Mathis, 165 F.R.D. at 26, n. 2 (quoting Goldwater v. Postmaster Gen. of the United States, 136 F.R.D. 337, 340 (D. Conn. 1991)).

96 Civ. 4762, 1997 WL 802894, at * 1 (S.D.N.Y. Dec. 31, 1997). Accordingly, Dr. Glass shall be compensated at a rate of $125 per hour traveling to and from his deposition, which shall include reasonable out-of-pocket travel expenses.

With respect to Dr. Glass's requirement that he be paid for his services in advance of his deposition, the Court orders that Dr. Glass be paid a 50% down payment on the estimated fee seven days in advance of his deposition, assuming that he will be deposed for seven hours, with the balance to be remitted within two business days following his deposition. The payment of the balance may be stayed in the event that plaintiff's counsel seeks modification of the hourly rate for the reasons set forth in footnote 1, *supra*. The Court notes that plaintiff's counsel has represented that his "firm is guaranteeing payment" of Dr. Glass's fee. (Doc. No. 66, Letter from Charles Joseph, Esq. to the undersigned dated March 23, 2006, at 1.)

Plaintiff asserts that he has not received complete expert disclosures from Dr. Glass. To the extent defendants have not already done so, they shall furnish to plaintiff complete expert disclosures, including court information, docket numbers, party and counsel names, and dates, for Dr. Glass in accordance with Rule 26 within three business days of the entry of this order. See Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999) (Rule 26(a)(a)(B) requires, "at a minimum," disclosure "of

cases in which the witness has testified . . . the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or trial.") (citations omitted).

### III. CONCLUSION

For the foregoing reasons, plaintiff shall compensate Dr. Glass at a rate of $350 per hour for the time reasonably expended preparing for and testifying at his deposition. Plaintiff shall compensate Dr. Glass at a rate of $125 per hour traveling to and from his deposition, which shall include reasonable out-of-pocket travel expenses. Dr. Glass shall receive a 50% down payment on his fee seven days in advance of his deposition, with the balance to be remitted within two business days following his deposition, absent a stay and motion to modify the hourly rate.

**SO ORDERED**
Dated: April 24, 2006
       Brooklyn, New York

/s/
KIYO A. MATSUMOTO
United States Magistrate Judge
Eastern District of New York