UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

JAY A. GARNIER,

               Plaintiff,

  -against-

ILLINOIS TOOL WORKS, INC., *et al.*

              Defendants.

**OPINION & ORDER**

04-CV-1825 (NGG)(KAM)

---------------------------------------X
MATSUMOTO, United States Magistrate Judge:

      In the above-referenced employment discrimination action, referred to the undersigned for general pretrial supervision pursuant to 28 U.S.C. § 636(b), plaintiff seeks to compel production of a certification made by defendants' employee, Clarence Crawford, Branch Manager of defendants' Birmingham, Alabama facility, which was obtained by defendants' counsel following the commencement of this litigation and which purportedly concerns "plaintiff's employment and allegations of discrimination and harassment." (See Doc. No. 62, Letter from Charles Joseph, Esq. to the undersigned dated Mar. 15, 2006 ("Pl. 3/15/06 Ltr."), Ex. A, Defendants' Privilege Log, at 1.) Defendants have agreed to make Mr. Crawford available for an interview or deposition by plaintiff's counsel. (See Doc. No. 65, Letter from Jed Marcus, Esq. dated Mar. 22, 2006.) Plaintiff claims that due to his limited resources, it is not "financially viable" to depose Mr. Crawford. (Doc. No. 78, Letter from

-1-

Charles Joseph, Esq. dated Apr. 12, 2006, at 1.)  Defendants, who have furnished a copy of the Mr. Crawford's certification for *in camera* review, oppose plaintiff's request on grounds that any statement made by Mr. Crawford to defendants' counsel is protected by the work product doctrine.  (Doc. No. 65 and Doc. No. 74, Letters from Jed Marcus, Esq. dated Mar. 22 and Apr. 7, 2006, respectively.)  For the reasons set forth below, plaintiff's request for an order compelling production of Mr. Crawford's certification is denied.

## **DISCUSSION**

The work product doctrine provides qualified protection from discovery of "documents and tangible things . . . prepared in anticipation of litigation" unless the party seeking discovery demonstrates a "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  Fed. R. Civ. P. 26(b)(3).  The purpose of this doctrine is to protect from disclosure materials reflecting "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  Id.

"[T]hree conditions must be met to earn work product protection.  The material must (1) be a document or a tangible

thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative." <u>In Re Grand Jury Subpoenas Dated December 18, 1981 & January 4, 1982</u>, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982). The burden of establishing all three elements of the work product privilege rests with the party invoking the privilege. <u>In re Grand Jury Subpoena Dated December 19, 1978</u>, 599 F.2d 504, 510 (2d Cir. 1979).

Here, the three elements of the tripartite test set forth above are satisfied. First, the Crawford certification constitutes a document. Second, it was prepared following the commencement of this litigation, and upon the directive of defendants' litigation counsel. (<u>See</u> Letter of Jed Marcus, Esq. dated Mar. 22, 2006, at 2.) Third, it was prepared for defendants by one of their employees.

"Even where the applicability of the work product doctrine has been established, factual material may be ordered produced 'upon a showing of substantial need and inability to obtain the equivalent without undue hardship.'" <u>In re Omeprazole Patent Litig.</u>, No. M-21-81, 2005 WL 818821, at *9 (S.D.N.Y. Feb. 18, 2005) (quoting <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 400 (1981)); <u>In re Grand Jury Proceedings</u>, 219 F.3d 175, 190-191 (2d Cir. 2000) ("A party seeking discovery of attorney work-product must show "substantial need," for fact work-product. As for

work-product that shows 'mental impressions, conclusions, opinions, or legal theories of an attorney, . . . at a minimum such material is to be protected unless a highly persuasive showing [of need] is made.") (internal citations and quotation marks omitted).

"Substantial need is not evaluated in a vacuum, and in order to overcome work product protection, [plaintiff] must demonstrate that [he] cannot obtain the substantial equivalent of the information [he] seeks." E.E.O.C. v. Carrols Corp., 215 F.R.D. 46, 52 (N.D.N.Y. 2003) (citing Pillsbury, 888 F.2d at 12). That does not mean that a party seeking the document must show an absolute impossibility, but rather that it is significantly more difficult, time-consuming or expensive to obtain the information from another source. Securities & Exch. Comm'n. v. Thrasher, 92 Civ. 6987, 1995 WL 46681, at *9 (S.D.N.Y. Feb. 7, 1995).

The Court has reviewed, *in camera*, the Crawford certification and has determined that although its disclosure to plaintiff will not reveal defense counsel's mental impressions, conclusions, opinions, legal theories or thought processes, plaintiff has not demonstrated that he is unable to obtain the substantial equivalent of the information contained in the Crawford certification through other discovery devices. While the Court is sympathetic to plaintiff's financial condition, plaintiff has not demonstrated why he is unable to conduct a

deposition of Mr. Crawford upon written questions pursuant to Fed. R. Civ. P. 31, or why he cannot take Mr. Crawford's oral deposition via telephone and arrange for a sound recording pursuant to Fed. R. Civ. P. 30(b).

It is true that those devices may be more expensive than the production of Mr. Crawford's certification; however, the devices do provide an alternative means for plaintiff to obtain the substantial equivalent and, perhaps more, without undue hardship and without impinging upon defendants' work product. See Carrols, 215 F.R.D. at 52 (substantial need not shown where information contained in questionnaires mailed by the E.E.O.C. to defendant employer's employees could be obtained through other discovery devices); In re Int'l Sys. & Controls Corp., 693 F.2d 1235, 1241 (5th Cir. 1982) (noting that although expense may be considered in determining undue hardship, "in the ordinary case, the cost of one or a few depositions is not enough to justify discovery of work product") (citation omitted); Tribune Co. v. Purcigliotti, 93 Civ. 7222, 1998 WL 175933 at *4 (S.D.N.Y. Apr. 14, 1998) ("'Substantial need' cannot be shown where persons with equivalent information are available for deposition.") (citing Pillsbury, 888 F.2d at 12); Atlantic Richfield Co. v. Current Controls, Inc., No. 93-CV-0950, 1997 WL 538876, at *3 (W.D.N.Y. Aug. 21, 1997) (noting that the party seeking facts in a privileged document may obtain those facts through other means

of discovery, such as through depositions); <u>Pine Top Ins. Co., Ltd., v. Alexander & Alexander Servs., Inc.</u>, No. 85 Civ. 9860, 1991 WL 221061, at *2 (S.D.N.Y. Oct. 7, 1991) ("The undue hardship test is generally not satisfied merely by the expense of obtaining the materials."); <u>Castle v. Sangamo Weston, Inc.</u>, 744 F.2d 1464, 1466-67 (11th Cir. 1984) (trial court abused its discretion when it compelled production of otherwise privileged documents where party had not demonstrated that it could not obtain the information it sought by deposing witnesses whose statements were contained in the documents); <u>Gay v. P.K. Lindsay Co.</u>, 666 F.2d 710, 713 (1st Cir. 1981) ("[I]t seems well-settled that there is in general no justification for discovery of the statement of a person contained in work product materials when the person is available to be deposed."). Accordingly, plaintiff's motion to compel production of Mr. Crawford's certification is denied.

## <u>CONCLUSION</u>

For the reasons set forth above, plaintiff's motion to compel Mr. Crawford's certification is denied.

**SO ORDERED.**

Dated: May 4, 2006
      Brooklyn, NY

                                          /s/
                                      KIYO A. MATSUMOTO
                                      United States Magistrate Judge